# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

MYESHA PRATHER,

                    Plaintiff,

vs.

HCA FAR WEST; *et.al.*,

                    Defendants.

Case No. 2:17–cv–183–GMN–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO.1) AND COMPLAINT (ECF NO. 1-1)

Before the court are Prather's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1).   For the reasons stated below, Prather's *in forma pauperis* application is granted and he may proceed with this action.  It is recommended that Prather's complaint be dismissed with leave to amend.

## I. Discussion

Prather's filings present two questions: (1) whether Prather may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Prather's complaint states a plausible claim for relief.  Each is discussed below.

1. <u>Prather May Proceed *In Forma Pauperis*</u>

Prather's application to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  Pursuant to section 1915(a)(1), Prather submitted a financial affidavit.  (ECF No. 1).  According to the affidavit, Prather is unemployed and receives social security benefits.  Prather's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

Because the court grants Prather's application to proceed *in forma pauperis*, it must review Prather's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Prather's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

2

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Title II of the Civil Rights Act provides that "all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. §2000a(a). "A plaintiff establishes a prima facie case of Title II public accommodation discrimination by showing that he or she: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class." *Brown v. Luxor Hotel & Casino*, No. 2:14-cv-991-MMD, 2014 WL 2858488 at *2 (D.Nev. Jun. 23, 2014).

Prather made an appointment with Dr. Mirkil and asked for a prescription for the birth-control medication known as Plan B. Prather alleges Dr. Mirkil "seemed displeased when he saw we were black," asked her to explain what Plan B was, and said "he doesn't deal with clientele like me or that would ask for [Plan B.]" (ECF No. 1-1) Prather is African-American and thus has alleged she is a member of a protected class. Even if the Dr. Mirkil's decision not to write a prescription was considered a right or

benefit of public accommodation, Prather has not alleged that a similarly situated member of a non-protected class would have been treated more favorably.  (*Id.*)  Without alleging facts sufficient to satisfy the fourth element, Prather has failed to state a claim under Title II.

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operations a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Throughout her complaint, Prather alleges that Dr. Mirkil discriminated against her due to her disability.  (ECF No. 1-1)  However, she does not describe what her disability is or that is a disability recognized by the ADA.  Since there are no allegations that Prather is disabled within the meaning of the ADA, she has failed to state a claim under the act.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Prather's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint.  (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security.  This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Prather's complaint (ECF No. 1-1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

4

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint.  The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.**  *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 31st day of January, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5