**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MYESHA PRATHER,

        Plaintiff,

vs.

DR. VINCENT MIRKIL MD; *et.al.*,

        Defendants.

Case No. 2:17–cv–183–GMN–VCF

**REPORT & RECOMMENDATION**

    Before the court is Prather's amended complaint. (ECF No. 5). Prather was previously granted leave to proceed with this action *in forma pauperis*. (ECF No. 2). Pursuant to 28 U.S.C. § 1915(e)(2), the court screens Prather's amended complaint to determine whether her amended complaint is frivolous, malicious, or fails to state a claim for which relief may be granted. For the reasons stated below, Prather's amended complaint should be dismissed with prejudice.

**I. Discussion**

    Because the court grants Prather's application to proceed *in forma pauperis*, it must review Prather's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Plaintiff's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

    Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible."

556 U.S. 662, 680 (2009).  The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief.  *Id.* at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The court previously recommended that Prather's complaint be dismissed for failure to state a claim.  (ECF No. 2)  The recommendation outlined the elements of a Title II Civil Rights Act claim as

well as the elements of a claim under the ADA. (*Id.*) The recommendation went on to identify the deficiencies of Prather's allegations. (*Id.*) This recommendation was adopted and became the order of the court. (ECF No. 6)

Prather amended complaint does not address the previously identified deficiencies. (ECF No. 5) Her amended complaint is essentially a type-written version of her original narrative. (*Id.*) For example, instead of addressing the absence of an allegation that Dr. Mirkil would have treated a non-African American patient differently, Prather states "I believe if I would have been white, perhaps he still would not have prescribed Plan B." (*Id.*) Although Prather also believes that had she been non-African American Dr. Mirkil would not have asked her to explain what Plan B was, this allegation amounts to speculation.

Prather has also failed to address the deficiencies identified with her ADA claim. In her amended complaint, Prather did identify her disability as anxiety. However, Prather did not allege that anxiety was a recognized disability under the ADA nor does she allege that she was denied services because of her disability. (*Id.*)

Since Prather has failed to correct previously identified deficiencies in her complaint, the court concludes that Prather's claims lack factual support. Further amendment would be futile. Prather's amended complaint should be dismissed with prejudice and this action should be closed.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Prather's amended complaint (ECF No. 5) be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that this action be CLOSED.

/// /// ///

/// /// ///

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO RECOMMENDED.

DATED this 14th day of March, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE