# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MYESHA PRATHER,  )
 )
        Plaintiff, ) Case No.: 2:17-cv-00183-GMN-VCF
    vs. )
 ) **ORDER**
DR. VINCENT MIRKIL MD, *et al.*, )
 )
        Defendants. )
 )

Before the Court is Plaintiff Myesha Prather's ("Plaintiff's") Amended Complaint, (ECF No. 5). The Amended Complaint was referred to United States Magistrate Judge Cam Ferenbach for screening pursuant to 28 U.S.C. § 1915(e)(2). (R&R, ECF No. 7). On March 15, 2017, Judge Ferenbach entered the Report and Recommendation ("R&R"), which recommends that the Court dismiss the Amended Complaint with prejudice. (*Id.* 1:10–12). Plaintiff timely filed an Objection, (ECF No. 8). For the reasons discussed below, the Court **DENIES** Plaintiff's Objection and **ADOPTS** the R&R in full.

**I.**    **BACKGROUND**

This case arises from Plaintiff's allegations that she suffered race and disability discrimination while with her children at an urgent care center after requesting "Plan B," a contraceptive pill. On January 23, 2017, Plaintiff, proceeding *pro se*, commenced this action by filing an application for leave to proceed *in forma pauperis* and an accompanying Complaint against Defendants HCA Far West Division and Dr. Vincent Mirkil, M.D. ("Mirkil") (collectively, "Defendants"). (App. Leave Proceed *in forma pauperis*, ECF No. 1); (Compl., ECF No. 4). Plaintiff's Complaint alleged various state law tort claims in addition to violations of Plaintiff's civil rights under Title II of the Civil Rights Act of 1964 and Title III of the Americans with Disabilities Act ("ADA"). (Compl. at 4–6). Judge Ferenbach entered an Order

and R&R, which granted Plaintiff's application for leave to proceed *in forma pauperis* but recommended that the Court dismiss the Complaint with leave to amend for failing to state a claim upon which relief could be granted. (*See* Order and R&R, ECF No. 3). The R&R provided Plaintiff guidance on how to amend the Complaint to raise plausible claims. (*See id.* 3:10–4:12). The Court adopted the R&R in full. (Order, ECF No. 6).

Following Judge Ferenbach's initial R&R, Plaintiff filed the Amended Complaint, which asserts claims for violations of Plaintiff's civil rights under § 1557 of the Patient Protection and Affordable Care Act, Title VI of the Civil Rights Act of 1964, § 504 of the Rehabilitation Act, and Title II of the ADA, in addition to various state law tort claims. (*See* Am. Compl. at 1, ECF No. 5). Judge Ferenbach now recommends that the Court dismiss the Amended Complaint with prejudice because Plaintiff failed to cure the Complaint's deficiencies as outlined in the previous R&R. (R&R 2:23–18, ECF No. 7).

## II.    LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III.   DISCUSSION

The R&R contends that the Court should dismiss Plaintiff's Amended Complaint with prejudice because Plaintiff has failed to cure the deficiencies of the Complaint and further amendment would be futile. (R&R 3:4–18, ECF No. 7). Plaintiff objects, arguing that her Amended Complaint states a plausible claim for relief. (Obj., ECF No. 8). Alternatively, she

argues that she should be given leave to amend. (*Id.*)  For the reasons discussed below, the Court denies Plaintiff's Objection and adopts the R&R in full.

A court reviews the complaint of a plaintiff proceeding *in forma pauperis* pursuant to Federal Rule of Civil Procedure 8. *Erickson v. Pardus*, 441 U.S. 89, 93–94 (2007).  Rule 8 requires that the complaint contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  Legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Nevertheless, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the complaint is insufficiently pleaded, the court should generally provide the plaintiff leave to amend with directions to cure the complaint's deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court begins its analysis with Plaintiff's race-discrimination claims.  Plaintiff raises claims under Title VI of the Civil Rights Act of 1964 ("Title VI") and § 1557 of the Patient Protection and Affordable Care Act ("ACA"). (Am. Compl. at 1).  To state a claim under Title VI, a plaintiff must allege: "(1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (overruled in part on other grounds).  Alleging racial

discrimination requires the complaint to plead facts supporting a reasonable inference that defendants' purported misconduct was racially motivated. *See Marks v. Santa Rosa City Sch.*, 748 Fed. Appx. 159, 160 (9th Cir. 2019). A race-discrimination claim under the ACA has the same elements as a Title VI claim. *See* 42 U.S.C. § 18116(a).

In the Amended Complaint, Plaintiff alleges, "I believe [Mirkil] thought I was incompetent based on my race and disability." (Am. Compl. at 2). She further alleges, "I believe if I would have been white" Mirkil would not have asked Plaintiff to explain what Plan B is. (*Id.*) The R&R recommends dismissal of Plaintiff's race-discrimination claims because Plaintiff has again failed to allege facts indicating she was discriminated against because of her race, and instead she continues to allege only speculative conclusions about Mirkil's motivations. (R&R 3:4–10).

The Court agrees. Judge Ferenbach's initial R&R identified the Complaint's claims as deficient because they were based on speculation rather than factual allegations. (Order and R&R 3:10–4:3). The Court adopted the R&R. (*See* Order, ECF No. 6). Here, Plaintiff only alleges how she feels she would have been treated had she been white, not facts indicating Mirkil discriminated against her because she is African American. (*See* Am. Compl. at 2). Plaintiff's failure to cure the Complaint's deficient factual pleading, in addition to continuing to rely exclusively upon her subjective beliefs, indicate she cannot plead facts raising a plausible race-discrimination claim against Defendants. Accordingly, the claims are dismissed with prejudice.

The Court next considers Plaintiff's disability discrimination allegations. Plaintiff's Amended Complaint asserts claims under Title II of the ADA ("Title II"), § 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), and ACA § 1557. (Am. Compl. at 1). In order to state a Title II claim, a plaintiff must allege: "(1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's

services, programs or activities; (3) he 'was excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'" *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (internal quotations and modifications original) (quoting *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)). A plaintiff is disabled within the meaning of the ADA by having either: (1) "a physical or mental impairment that substantially limits one or more of the major life activities of such individual;" (2) "a record of such an impairment;" or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(2). "The Rehabilitation Act is materially identical to and the model for the ADA, except that it is limited to programs that receive federal financial assistance." *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 908 (9th Cir. 2013) (internal quotations omitted) (quoting *Armstrong v. Davis*, 275 F.3d 849, 862 n.17 (9th Cir. 2001)). Disability discrimination claims under the ACA contain the same elements as such claims under the Rehabilitation Act. *See* 42 U.S.C. § 18116(a).

The Amended Complaint alleges that Plaintiff's disability is anxiety; Mirkil "was aware of [her] disability;" and Mirkil "thought [Plaintiff] was incompetent because of [her] . . . disability." (Am. Compl. at 2–3). Specifically, Plaintiff alleges that Mirkil would not have prescribed any patient Plan B, but Plaintiff argues her race and disability led Mirkil to ask Plaintiff to explain Plan B in an attempt to embarrass her in front of her children. (*Id.* at 2). The R&R recommends dismissal of Plaintiff's disability discrimination claims with prejudice because Plaintiff has not cured the deficiencies identified in the previous R&R. (R&R 3:11–15). The R&R explains that Plaintiff has neither alleged that anxiety is a qualifying disability under the ADA and the Rehabilitation Act, nor that she was denied services because of her disability. (*Id.*)

The Court finds that Plaintiff has failed to cure the deficiencies in her Complaint and amendment would be futile. Plaintiff again fails to allege that anxiety is a qualifying disability under the ADA. Plaintiff also fails to allege she was denied services because of her disability; rather, she only argues that Mirkil treated her rudely because Mirkil perceived her as "incompetent." (*Id.* 2–3). The allegation cannot support a claim for disability discrimination resulting from Plaintiff's alleged anxiety. Given that Plaintiff has failed to cure the deficiencies highlighted in Judge Ferenbach's first R&R, and it appears Plaintiff cannot plead facts indicating Defendants denied her services on the basis of her alleged disability, the Court dismisses Plaintiff's disability discrimination claims with prejudice.

Plaintiff's remaining claims arise under state law. (Am. Compl. at 1, 4). Plaintiff concedes that the Court relies on its supplemental jurisdiction to hear the claims because Plaintiff and Mirkil are citizens of Nevada. (*Id.* at 1). Given that the Court has dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. §1367(c)(3).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 7), is **ACCEPTED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Objection, (ECF No. 8), is **DENIED**.

**IT IS FURTHER ORDERED** that the Amended Complaint, (ECF No. 5), is **DISMISSED with prejudice.**

The Clerk of Court shall close the case.

**DATED** this __14__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court